MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
ROBERTO HERNANDEZ LUNA , *individually*
*and on behalf of others similarly situated,*

|                              |                                  |
| ---------------------------- | -------------------------------- |
| *Plaintiff,*                 | **COMPLAINT**                    |
|                              |                                  |
| -against-                    | **COLLECTIVE ACTION**            |
|                              | **UNDER 29 U.S.C. § 216(b)**     |
| WAH MING, INC. (d/b/a MING WOK), CHI | **ECF Case**              |
| YAM TONG, DANNY TONG, and JANE DOE, |                           |

*Defendants.*
-----------------------------------------------------------X

Plaintiff Roberto Hernandez Luna  ("Plaintiff Hernandez" or "Mr. Hernandez"),

individually and on behalf of others similarly situated, by and through his attorneys, Michael

Faillace & Associates, P.C., and as against each of Defendants Wah Ming, Inc. (d/b/a Ming

Wok) ("Defendant Corporation") Chi Yam Tong, Danny Tong, and Jane Doe  (collectively,

"Defendants"), upon information and belief alleges as follows:

### NATURE OF ACTION

1.    Plaintiff Hernandez is a former employee of Defendants Wah Ming, Inc. (d/b/a

Ming Wok) Chi Yam Tong, Danny Tong, and Jane Doe.

2.    Ming Wok is a Chinese restaurant owned by Chi Yam Tong, Danny Tong, and

Jane Doe located at 84-18 Northern Blvd., Jackson Heights, NY 11372.

3.     Upon information and belief, Defendants Chi Yam Tong, Danny Tong, and Jane Doe serve or served as owners, managers, principals and/or agents of Defendant Corporation, and through this corporate entity operate the Chinese restaurant.

4.     Plaintiff Hernandez is a former employee of Defendants.

5.     Plaintiff Hernandez ostensibly was employed as a delivery worker, but he was required to spend several hours each day performing non-tipped duties unrelated to deliveries, including but not limited to preparing food, cutting vegetables, cleaning the restaurant, refilling the refrigerator with drinks, stocking deliveries in the basement, taking out the garbage, twisting and tying up cardboard boxes, bringing up items from the basement for the kitchen staff, peeling shrimp and preparing chicken  (hereinafter "non-delivery, non-tip duties").

6.     Plaintiff Hernandez regularly worked for Defendants in excess of 40 hours per week without appropriate minimum wage or overtime compensation for any of the hours that he worked.

7.     Rather, Defendants failed to pay Plaintiff Hernandez appropriately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

8.     Further, Defendants failed to pay Plaintiff Hernandez the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9.     Defendants employed and accounted for Plaintiff Hernandez as a delivery worker in their payroll, but in actuality his duties included a significant amount of time performing the non-delivery, non-tipped duties alleged above.

10.     Regardless of duties, Defendants paid Plaintiff Hernandez and all other delivery workers at a rate that was lower than the required tip-credit rate.

11.     In addition, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Hernandez's non-tipped duties exceeded 20% of each workday (12 N.Y.C.R.R. § 146).

12.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Hernandez's actual duties in payroll records to avoid paying Plaintiff Hernandez at the minimum wage rate, and to enable them to pay Plaintiff Hernandez at the lower tip-credited rate (which they failed to do), by designating him as a delivery worker instead of a non-tipped employee.

13.     Defendants' conduct extended beyond Plaintiff Hernandez to all other similarly situated employees.

14.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Hernandez and other employees to work in excess of forty (40) hours per week without providing them the minimum wage and overtime compensation required by federal and state law and regulations.

15.     Plaintiff Hernandez now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq.*, and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §§ 142-2.2, 2.4), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

16.     Plaintiff Hernandez seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Hernandez's state law claims is conferred by 28 U.S.C. § 1367(a).

18.     Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Hernandez  was employed by Defendants in this district.

## PARTIES

*Plaintiff*

19.     Plaintiff Roberto Hernandez Luna ("Plaintiff Hernandez") is an adult individual residing in Queens County, New York.

20.     Plaintiff Hernandez was employed by Defendants from approximately 2009 until on or about February 20, 2017.

21.     Pursuant to 29 U.S.C. § 216(b), Plaintiff Hernandez consents to being a party and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

22.     At all times relevant to this Complaint, Defendants own, operate, and/or control a Chinese restaurant located at 84-18 Northern Blvd., Jackson heights, NY 11372 under the name "Ming Wok."

23.     Upon information and belief, Wah Ming, Inc. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 84-18 Northern Blvd., Jackson Heights, NY 11372.

24.     Defendant Chi Yam Tong is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Chi Yam Tong is sued individually and in his capacity as an owner, officer and/or agent of Defendant Corporation.

25.     Defendant Chi Yam Tong possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation and/or controlled significant functions of Defendant Corporation.

26.     Defendant Chi Yam Tong determined the wages and compensation of the employees of Defendants, including Plaintiff Hernandez, established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

27.     Defendant Danny Tong is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Danny Tong is sued individually and in his capacity as an owner, officer and/or agent of Defendant Corporation.

28.     Defendant Danny Tong possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation and/or controlled significant functions of Defendant Corporation.

29. Defendant Danny Tong determined the wages and compensation of the employees of Defendants, including Plaintiff Hernandez, established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

30. Defendant Jane Doe is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Jane Doe is sued individually and in her capacity as an owner, officer and/or agent of Defendant Corporation.

31. Defendant Jane Doe possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation and/or controlled significant functions of Defendant Corporation.

32. Defendant Jane Doe determined the wages and compensation of the employees of Defendants, including Plaintiff Hernandez, established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS
*Defendants Constitute Joint Employers*

33. Defendants operate a Chinese restaurant located at 84-18 Northern Blvd., Jackson heights, NY 11372.

34. Individual Defendants Chi Yam Tong, Danny Tong, and Jane Doe possess or possessed operational control over Defendant Corporation, possess or possessed an ownership interest in Defendant Corporation, and control or controlled significant functions of Defendant Corporation.

35.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

36.     Each Defendant possessed substantial control over Plaintiff Hernandez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Hernandez, and all similarly situated individuals, referred to herein.

37.     Defendants jointly employed Plaintiff Hernandez, and all similarly situated individuals, and were Plaintiff Hernandez's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

38.     In the alternative, Defendants constituted a single employer of Plaintiff Hernandez and/or similarly situated individuals.

39.     Upon information and belief, individual Defendants Chi Yam Tong, Danny Tong, and Jane Doe operate or operated Defendant Corporation as either an alter ego of themselves and/or fail or failed to operate Defendant Corporation as a legal entity separate and apart from themselves by, among other things:

> (a)     failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

> (b)     defectively forming or maintaining Defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

> (c)     transferring assets and debts freely as between all Defendants;

(d)     operating Defendant Corporation for their own benefit as the sole or

        majority shareholders;

(e)     operating Defendant Corporation for their own benefit and maintaining

        control over it as a closed corporation or closely controlled entity;

(f)     intermingling assets and debts of their own with Defendant Corporation;

(g)     diminishing and/or transferring assets of Defendant Corporation to protect

        their own interests; and

(h)     other actions evincing a failure to adhere to the corporate form.

40.     At all relevant times, Defendants were Plaintiff Hernandez's employers within the meaning of the FLSA and NYLL.

41.     Defendants had the power to hire and fire Plaintiff Hernandez, control the terms and conditions of his employment, and determine the rate and method of any compensation in exchange for Plaintiff Hernandez's services.

42.     In each year from 2011 to 2017, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

43.     In addition, upon information and belief, Defendants and/or their enterprises are directly engaged in interstate commerce. For example, numerous items that are sold in the Chinese restaurant on a daily basis, such as sodas and salmon, are produced outside of the State of New York.

*Individual Plaintiff*

44.     Plaintiff Hernandez is a former employee of Defendants who ostensibly was employed as a delivery worker, but who spent more than 20% of his work days performing the non-delivery, non-tip duties outlined above.

45.     Plaintiff Hernandez seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Roberto Hernandez Luna*

46.     Plaintiff Hernandez was employed by Defendants from approximately 2009 until on or about February 20, 2017.

47.     At all relevant times, Plaintiff Hernandez ostensibly was employed by Defendants as a delivery worker. However, Plaintiff Hernandez spent at least 20% of each work day performing the non-delivery, non-tip duties outlined above.

48.     Plaintiff Hernandez regularly handled goods in interstate commerce, such as cooking oil and food produced outside of the State of New York.

49.     Plaintiff Hernandez's work duties required neither discretion nor independent judgment.

50.     Throughout his employment with Defendants, Plaintiff Hernandez regularly worked in excess of 40 hours per week.

51.     From approximately March 2011 until on or about February 20, 2017, Plaintiff Hernandez worked from approximately 11:00 a.m. until on or about 11:30 p.m. Mondays through Thursdays and from approximately 11:00 a.m. until on or about 12:00 a.m. Fridays and Saturdays (typically 76 hours per week).

52.     Throughout his entire employment period, Defendants paid Plaintiff Hernandez's wages in cash.

53.     Throughout his employment with Defendants, Plaintiff Hernandez was paid a fixed salary of $300 per week.

54.     Plaintiff Hernandez's wages never varied regardless of how many additional hours he worked in a week.

55.     In fact, throughout his entire employment, Defendants required Plaintiff Hernandez to work an additional 30 minutes past his scheduled departure time Mondays through Thursdays, without paying him any additional compensation.

56.     Defendants never granted Plaintiff Hernandez a meal break or rest period of any length.

57.     Plaintiff Hernandez was never notified by Defendants that his tips were being included as an offset for wages.

58.     Defendants never accounted for these tips in any daily, weekly or other accounting of Plaintiff Hernandez's wages.

59.     Plaintiff Hernandez was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected his actual hours worked.

60.     Defendants never provided Plaintiff Hernandez with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

61.     Defendants never provided Plaintiff Hernandez with a written notice, in English and in Spanish (Plaintiff Hernandez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

62.      No notification, either in the form of posted notices or other means, was ever given to Plaintiff Hernandez regarding overtime and wages under the FLSA and NYLL.

63.     Defendants required Plaintiff Hernandez to purchase "tools of the trade" with his own funds—including four bicycles, bicycle maintenance, and a chain and lock.

*Defendants' General Employment Practices*

64.     Defendants regularly required their employees, including Plaintiff Hernandez, to work in excess of forty (40) hours per week without paying them the proper minimum wage, overtime, or Spread of Hours compensation.

65.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Hernandez (and all similarly situated employees) to work in excess of forty (40) hours per week without paying them appropriate minimum wage and/or overtime compensation, as required by federal and state laws.

66.     Defendants never informed their employees, including Plaintiff Hernandez, that they reduced their hourly wages by a tip allowance.

67.     Defendants habitually required their employees, including Plaintiff Hernandez, to work additional hours beyond their regular shifts, but never provided them with any additional compensation.

68.     Defendants' pay practices resulted in Defendants' delivery workers, including Plaintiff Hernandez, never receiving payment for all their hours worked, which resulted in their effective rate of pay falling below the required minimum and overtime wage rate.

69.     Defendants required all delivery workers, including Plaintiff Hernandez, to perform general non-delivery, non-tipped restaurant tasks in addition to their primary duties as delivery workers.

70.     Plaintiff Hernandez, and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included greater or equal time spent performing non-delivery, non-tipped duties.

71.     Plaintiff Hernandez and all other delivery workers were never paid at the required lower tip-credit rate by Defendants.

72.     However, under state law, Defendants were not entitled to a tip credit because the delivery worker's and Plaintiff Hernandez's non-tipped duties exceeded 20% of each workday (12 N.Y.C.R.R. § 146). New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he was assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

73.     The delivery workers', including Plaintiff Hernandez's, duties were not incidental to their occupation as delivery workers, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

74.     In violation of federal and state law as codified above, Defendants classified Plaintiff Hernandez and other delivery workers as tipped employees, but never paid them at the tip-credited rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

75.     Defendants paid Plaintiff Hernandez's wages in cash.

76.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

77.     Defendants failed to post required wage and hour posters in the restaurant, and did not provide their employees, including Plaintiff Hernandez, with statutorily required wage and hour records or statements of their pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of their employees', including Plaintiff Hernandez's, relative lack of sophistication in wage and hour laws.

78.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Hernandez (and similarly situated individuals) worked, and to avoid paying Plaintiff Hernandez properly for (1) his full hours worked, (2) the minimum wage, (3) his spread of hours pay and (4) for overtime due.

79.     Defendants failed to provide Plaintiff Hernandez and other employees with wage statements at the time of each payment of wages containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part

of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

80.     Defendants failed to provide Plaintiff Hernandez  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

81.     Plaintiff Hernandez brings his FLSA minimum and overtime wages, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in his case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

82.     At all relevant times, Plaintiff Hernandez, and other members of the FLSA Class who are and/or were similarly situated, had substantially similar job requirements and pay provisions, and were subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage,

overtime pay at one and one-half times his regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully taking improper wage deductions and other improper credits against the FLSA Class' wages for which Defendants did not qualify under the FLSA,.

83.     The claims of Plaintiff Hernandez stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

84.     Plaintiff Hernandez repeats and realleges all paragraphs above as though fully set forth herein.

85.     At all times relevant to this action, Defendants were Plaintiff Hernandez's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act.  29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Hernandez (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

86.     At all times relevant to this action, Defendants engaged in commerce or in an industry or activity affecting commerce.

87.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act.  29 U.S.C. § 203 (r-s).

88.     Defendants failed to pay Plaintiff Hernandez (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

89.     Defendants' failure to pay Plaintiff Hernandez (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

90.     Plaintiff Hernandez (and the FLSA Class members) were damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**VIOLATION OF THE FLSA OVERTIME PROVISIONS**

91.     Plaintiff Hernandez repeats and realleges all paragraphs above as though fully set forth herein.

92.     At all times relevant to this action, Defendants were Plaintiff Hernandez's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act.  29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Hernandez (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

93.     At all times relevant to this action, Defendants engaged in commerce or in an industry or activity affecting commerce.

94.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act.  29 U.S.C. § 203 (r-s).

95.     Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiff Hernandez (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

96.     Defendants' failure to pay Plaintiff Hernandez (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

97.     Plaintiff Hernandez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

98.     Plaintiff Hernandez repeats and realleges all paragraphs above as though fully set forth herein.

99.     At all times relevant to this action, Defendants were Plaintiff Hernandez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Hernandez (and the FLSA Class members), controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

100.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Hernandez (and the FLSA Class members) less than the minimum wage.

101.     Defendants' failure to pay Plaintiff Hernandez (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

102.     Plaintiff Hernandez (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS OF THE
## NEW YORK STATE LABOR LAW

103.     Plaintiff Hernandez repeats and realleges all paragraphs above as though fully set forth herein.

104.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Hernandez overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

105.     Defendants' failure to pay Plaintiff Hernandez overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

106.     Plaintiff Hernandez (and the FLSA class members) were damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**
**OF THE NEW YORK COMISSIONER OF LABOR**

107.     Plaintiff Hernandez repeats and realleges all paragraphs above as though fully set forth herein.

108.     Defendants failed to pay Plaintiff Hernandez one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Hernandez's spread of hours exceeded ten hours in violation of NYLL §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

109.     Defendants' failure to pay Plaintiff Hernandez an additional hour's pay for each day Plaintiff Hernandez's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

110.     Plaintiff Hernandez was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
## VIOLATION OF THE NOTICE AND RECORDKEEPING
## REQUIREMENTS OF THE NEW YORK LABOR LAW

111.     Plaintiff Hernandez repeats and realleges all paragraphs above as though fully set forth herein.

112.     Defendants failed to provide Plaintiff Hernandez with a written notice, in English and in Spanish (Plaintiff Hernandez's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

113.     Defendants are liable to Plaintiff Hernandez in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

114.     Plaintiff Hernandez repeats and realleges all paragraphs above as though set forth fully herein.

115.     Defendants did not provide Plaintiff Hernandez with a statement of wages with each payment of wages, as required by NYLL 195(3).

116.     Defendants are liable to Plaintiff Hernandez in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION
## RECOVERY OF EQUIPMENT COSTS

117.     Plaintiff Hernandez repeats and realleges all paragraphs above as though set forth fully herein.

118.     Defendants required Plaintiff Hernandez to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to

perform his job, such as bicycles, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

119. Plaintiff Hernandez was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Hernandez respectfully request that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Hernandez and the FLSA class members;

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Hernandez and the FLSA class members;

(d) Declaring that Defendants' violation of the provisions of the FLSA are willful as to Plaintiff Hernandez and the FLSA class members;

(e) Awarding Plaintiff Hernandez and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(f) Awarding Plaintiff Hernandez and the FLSA class members liquidated damages

in an amount equal to 100% of his damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Hernandez and the members of the FLSA Class

(h)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Hernandez and the members of the FLSA Class;

(i)     Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Hernandez and the members of the FLSA Class;

(j)     Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Hernandez and the FLSA Class members;

(k)     Awarding Plaintiff Hernandez and the FLSA class members damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages as well as awarding spread of hours pay under the NYLL as applicable;

(l)     Awarding Plaintiff Hernandez damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m)     Awarding Plaintiff Hernandez and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the minimum wage, spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(n)     Declaring that Defendants' violations of NYLL § 191 were willful as to Plaintiff Hernandez and the FLSA class members;

(o)     Awarding Plaintiff Hernandez and the FLSA class members pre-judgment and post-judgment interest as applicable;

(p)     Awarding Plaintiff Hernandez and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees;

(q)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)     All such other and further relief as the Court deems just and proper.


JURY DEMAND

Plaintiff Hernandez demands a trial by jury on all issues triable by a jury.


Dated: New York, New York
        March 1, 2017

                              MICHAEL FAILLACE & ASSOCIATES, P.C.


                              _____/s/ Michael Faillace_____
                              By:     Michael A. Faillace [MF-8436]
                                      60 East 42nd Street, Suite 2540
                                      New York, New York 10165
                                      (212) 317-1200
                                      *Attorneys for Plaintiff*

60 E 42nd Street, Suite 2020
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

February 28, 2017

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Roberto Hernandez Luna

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:                *Roberto Hernandez Luna*

Date / Fecha:                     28 de febrero de 2017